# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 19-970V
Filed: January 5, 2022
UNPUBLISHED

| | |
|---|---|
| TIFFANY ADAMS, on behalf of K.A., a minor,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs |

*Mark Theodore Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for petitioner.
*Matthew Murphy*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On August 12, 2021, petitioner moved for an award of interim attorneys' fees and costs. (ECF No. 36.) On August 18, 2021, respondent filed a response deferring to the special master regarding the amount and appropriateness of an award of interim fees and costs. (ECF No. 37.) The following day petitioner filed a reply. (ECF No. 38.) Petitioner requests $33,856.11 to be paid for attorney's fees with an additional $554.36 to be paid for other costs for a total of $34,410.47. For the reasons discussed below, I award petitioner $34,364.61 in interim attorneys' fees and costs.

  **I.**  **Procedural History**

Petitioner, on behalf of her minor daughter K.A., filed a petition on July 5, 2019, alleging that her encephalopathy, encephalitis, and audio neuropathy were caused-in-

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

1

fact, or alternatively, significantly aggravated, by her MMR, Varicella, Hepatitis A, Hib, DTaP, and Prevnar vaccinations on July 11, 2016.  (ECF No. 1.)  This case was originally assigned to Special Master Oler on July 8, 2019.  (ECF No. 4.)  This case was reassigned to my docket on August 26, 2019.  (ECF No. 8.)  Petitioner filed medical records between September 3, 2019 and February 17, 2020.  (ECF Nos. 9-10,15, 18, 20.)  Respondent filed his rule 4(c) report recommending against compensation on June 22, 2020.  (ECF No. 26.)

Following the government's filing of the respondent's report, I ordered petitioner to file an expert report supporting her claim.  (Sched. Order (NON-PDF), 6/25/2020.)  However, no expert report has been filed in this case to date.  On October 25, 2021, petitioner filed a status report indicating that petitioner intends to obtain new counsel.  (ECF No. 39.)  On October 26, 2021, I issued an order indicating that petitioner's claim is currently incomplete and ordering petitioner to file a motion for substitute counsel by January 4, 2022.  (ECF No. 40.)  On January 4, 2022, petitioner's counsel filed a motion to withdraw as counsel, indicating that petitioner wished to proceed *pro se.*  (ECF No. 41.)

## II.     Awards of Interim Attorneys' Fees and Costs

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs."  42 U.S.C. § 300aa–15(e)(1)(A)–(B).  Petitioners are eligible for an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, if the special master finds that the petition was filed in good faith and with a reasonable basis.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008).

### a.  Good Faith and Reasonable Basis

"Good faith" is a subjective standard.  *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she holds an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The standard for finding good faith has been described as "very low," and findings that a petition lacked good faith are rare.  *Heath v. Sec'y of Health & Human Servs.*, No. 08-86V, 2011 WL 4433646, *2 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

"Reasonable basis," however, is an objective standard.  Unlike the good faith inquiry, reasonable basis requires more than just petitioner's belief in his claim.  *See Turner*, 2007 WL 4410030, at *6.  Instead, a reasonable basis analysis "may include an examination of a number of objective factors, such as the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation."  *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018); *accord Cottingham v. Sec'y of Health & Human Servs.*, 971 F.3d 1337 (Fed. Cir. 2020).  "More than a mere scintilla but less than a preponderance of proof

could provide sufficient grounds for a special master to find reasonable basis." *Cottingham,* 917 F.3d at 1346.

In this case, I have already cautioned petitioner, who anticipates proceeding with this case on a *pro se* basis, that K.A.'s medical records are inadequate to meet her preponderant burden of proof without an expert report providing further support.  (ECF No. 40.)  The respondent has also noted in his report that "while some of K.A.'s treating medical providers identify the subject vaccinations, historically or temporally, none of them causally attribute the vaccinations as the cause of her claimed injuries."  (ECF No. 26, p. 11.)  Notably, however, for purposes of this motion respondent has not specifically challenged either petitioner's good faith or reasonable basis for bringing this claim.  (ECF No. 37.)  Moreover, upon my review of the record, while petitioner's medical records alone do not preponderantly establish that K.A. suffered any vaccine-related encephalopathy or other injury, they do, albeit just barely, provide scant evidence meeting the much lower evidentiary standard applicable to a finding of a reasonable basis for the *initial* filing of the petition.  (*See, e.g*. Ex. 1, p. 48 (treating physician confirming exemption from vaccination based on suspicion of prior vaccine-related encephalopathy).

### b.  An Interim Award is Appropriate

Stressing the absence of any prevailing party requirement under the Vaccine Act, the Federal Circuit has held in *Avera* that interim awards for attorneys' fees and costs are appropriate under the Vaccine Act.  515 F.3d at 1352 (citing §300aa-15(e)(1)).  Nonetheless, the Circuit denied an interim award in *Avera*, because the appellants had not suffered "undue hardship."  *Id*.  The Circuit noted that interim awards are "particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  *Id*.  Subsequently, in *Shaw v. Secretary of Health & Human Services*, the Federal Circuit reiterated its *Avera* standard, noting that "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees."  609 F.3d 1372, 1375 (Fed. Cir. 2010); *see also Chinea v. Sec'y of Health & Human Servs.*, No. 15-95V, 2019 WL 3206829 at *2 (Fed. Cl. Spec. Mstr. June 11, 2019) (citing *Knorr v. Sec'y of Health & Human Servs.*, No. 15-1169V, 2017 WL 2461375 (Fed. Cl. Spec. Mstr. Apr. 17, 2017)) (observing three factors that have been considered when exercising discretion to award interim attorney's fees: (1) whether the fee request exceeds $30,000, (2) whether the expert costs exceed $15,000, and (3) whether the case has been pending for over 18 months.)

Although noting that an award of interim attorneys' fees and costs is within the "reasonable discretion" of the special master, decisions of the Court of Federal Claims subsequently emphasized the Federal Circuit's "undue hardship" language and cautioned that the *Avera* decision did not create a presumption in favor of interim fees and costs in all cases.   *See, e.g.*, *Shaw v. Sec'y of Health & Human Servs.*, 110 Fed. Cl. 420, 423 (2013).  Nonetheless, it has also been noted that "the Federal Circuit in *Avera* and *Shaw* did not enunciate the universe of litigation circumstances which would

warrant an award of interim attorney's fees." *Woods v. Sec'y of Health & Human Servs.*, 105 Fed. Cl. 148, 154 (2012).

In *Woods*, the Court observed that withdrawal of an attorney should be an important, if not deciding, factor in determining the appropriateness of an interim fee award. 105 Fed. Cl. at 154. Specifically, "there is no reason to force counsel, who have ended their representation, to delay receiving fees indefinitely until the matter is ultimately resolved. The special master articulated a valid concern that it was 'unknowable' whether the case would be settled, or extensively litigated to the point of determining damages. The special master reasonably concluded that delaying a fee award to counsel who had ended their representation for an indeterminable time until the case was resolved sufficed to constitute the type of 'circumstances' to warrant an interim fee award." *Id*. Following *Woods*, special masters have previously observed that "after withdrawing from a case, it may be difficult for former counsel to receive a fees award, and, in such circumstances, special masters have often found it reasonable to make such interim awards. *See, e.g.*, *Bear v. Sec'y of Health & Human Servs.*, No. 11-362V, 2013 WL 691963 (Fed. Cl. Spec. Mstr. Feb. 4, 2013).

In light of the above, I exercise my discretion to allow an award of interim fees and costs. This petition was filed approximately two and a half years ago. Additionally, the amount sought for fees exceeds the $30,000.00 figure cited in *Chinea,* though petitioner did not incur any expert costs. Additionally, counsel is withdrawing and continued litigation is anticipated with petitioner proceeding *pro se*. This leaves the ultimate time to resolution unknowable at this time and beyond counsel's control. Moreover, respondent has not objected, but instead deferred to my discretion as to whether the standard for an interim award of fees and costs is met in this case. For all these reasons, I conclude that an award of interim fees and costs to prior counsel is appropriate in this case.

### III.  Amount of Reasonable Fees and Costs

The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g. Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993). Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed. Cir. 1993) (per curiam). However, petitioner "bears the burden of establishing the hours expended" and the reasonableness of the requested fee award. *Id*. at 484. Notwithstanding that respondent has not raised any specific objections to petitioner's fee application, "the Special Master has an independent responsibility to satisfy himself that the fee award is appropriate and [is] not limited to endorsing or rejecting respondent's critique." *Duncan v. Sec'y of Health & Human Servs.*, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008); *see also McIntosh v. Sec'y of Health & Human Servs.*, 139 Fed Cl. 238, 250 (2018) (finding that the special master "abused his discretion by failing to independently review the petitioner's counsel's motion for

4

attorneys' fees and reimbursement of case costs to determine if the requested fees and costs were reasonable."). Furthermore, "the Special Master [has] no additional obligation to warn petitioners that he might go beyond the particularized list of respondent's challenges." *Duncan,* 2008 WL 4743493.

Special Masters use the lodestar approach to determine what constitutes reasonable attorneys' fees under the Vaccine Act. *Avera,* 515 F.3d at 1347. The lodestar approach involves first determining "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Once a court makes that initial calculation, it may then make an upward or downward departure to the fee award based on other specific findings. *Id.* For attorneys receiving forum rates, the decision in *McCulloch v. Secretary of Health & Human Services* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has since updated the *McCulloch* rates to adjust for inflation and the Attorneys' Forum Hourly Rate Fee Schedules for successive years can be accessed online.[2]

I have reviewed the billing records submitted by petitioner's counsel. All of the rates requested are reasonable and consistent with what has been awarded to petitioner's counsel in prior cases. *See, e.g., Reed v. Sec'y of Health & Human Servs.*, No. 19-1319V, 2021 WL 5856886 (Fed. Cl. Spec. Mstr. Nov. 30, 2021); *Nemmer v. Sec'y of Health & Human Servs.*, 17-1464V, 2020 WL 1910695 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); *Ladue v. Sec'y of Health & Human Servs.*, No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018); *Pasquinelli v. Sec'y of Health & Human Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Human Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017). Additionally, upon my review, the hours billed in this case appear to be reasonable.

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Human Servs.*, No. 10-243, 2013 WL 5367670, at *16 (Fec. Cl. Spec. Mstr. Aug. 27, 2013). However, when petitioners fail to carry their burden, such as by not providing appropriate documentation to substantiate a requested cost, special masters have refrained from awarding compensation. *See, e.g., Gardner-Cook v. Sec'y*

---

[2] Each of the Fee Schedules for 2015 through 2021 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

5

*of Health & Human Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).  The costs incurred in this case represent a small number of mailing and medical records requests.  (Exs. A, B.)  Petitioner however has not provided the appropriate documentation to substantiate the costs for the mailing / distributions made on December 7, 2020 and April 27, 2021.  (Ex. A, p. 17.)  This results in a **deduction of $45.86** of the costs requested.

### IV. Conclusion

In light of the above, petitioner's application for interim attorneys' fees and costs is **GRANTED** and petitioner is awarded **a lump sum in the amount of $34,364.61, representing reimbursement for interim attorneys' fees and costs, in the form of a check made payable to petitioner and her counsel, Mark Theodore Sadaka, Esq.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).